ELIZABETH HEINRICH, ET AL., *v.* NICHOLAS BOOKER, ET AL.

**Continuance of Action.**
> The action of the trial court in refusing a continuance will not be disturbed except for an abuse of discretion.

**Notes and Interest.**
> Where the makers of a note agree to pay ten per cent. interest from date until the note is due there is no promise to pay such rate after due and the holder can only recover six per cent. interest after maturity.

**APPEAL FROM GRANT CIRCUIT COURT.**

December 2, 1876.

OPINION BY JUDGE ELLIOTT:

The first question that arises upon this record is whether the circuit court abused a sound discretion in overruling appellants' motion for a continuance. It appears that the female appellant had made the same motion based on similar grounds, and had been successful at the term next preceding the trial of this suit, and we are of opinion that the lower court exercised a proper discretion in overruling the motion for a continuance.

The proof in this record is conclusive that female appellant acknowledged all the mortgages before the clerk, and that she did so without coercion by any one and in the absence of her husband. But it is insisted that her amended answer and cross-petition has not been replied to by any of the mortgagees except Booker and wife, and therefore should have been taken for confessed, and that its allegation makes out a good defense.

No reply was necessary to the amended answer of appellants. Said amendment only denied the right of appellees to recover because the mortgages had been obtained from her by duress, threats, etc. These allegations under the Code did not have to be replied to to put them in issue, and consequently judgment for the amount due the mortgagees would have been proper, but we are of opinion that

the court erred to appellants' prejudice in adjudging to Cunningham, Collins and Davidson interest at the rate of ten per cent. after their debts fell due.

The notes to Cunningham are due one and two years after date with ten per cent. interest from date. The note to Collins was made payable about a year after date with ten per cent. interest, and the note to Davidson was made payable about two years after date with ten per cent. interest. The appellants only promised to pay ten per cent. interest till the claims were due, and then he promised to pay the whole amount of them, and as he did not contract to pay ten per cent. interest after the claims were due the appellees can only recover six per cent. after that time. Booker and wife are entitled to ten per cent., as the appellants promised them ten per cent. till their debt was paid.

For these errors alone the judgment is *reversed* and cause remanded for judgment in conformity to this opinion:

*J. J. Landrum, for appellants.*
*J. M. Collins, E. H. Smith, for* appellees.